COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-237-CV
  
  
ZACHARY 
HALSELL                                                               APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 410TH DISTRICT COURT OF MONTGOMERY COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
seeks to appeal from a judgment involuntarily committing him to outpatient 
treatment as a sexually violent predator.  We dismiss for want of 
jurisdiction.
        On 
June 30, 2004, the 410th Judicial District Court in Montgomery County, Texas 
signed a final nunc pro tunc judgment of commitment pursuant to section 841.082 
of the Texas Health and Safety Code.  See Tex. Health & Safety Code Ann. § 
841.082 (Vernon Supp. 2004-05).  On July 27, 2004, appellant filed a notice 
of appeal with the District Clerk of Tarrant County, Texas.  Appellant 
contends his notice of appeal was properly filed in Tarrant County because the 
trial court’s judgment ordered appellant to reside in Tarrant County and 
section 841.082(d) provides that,
  
Immediately after the case becomes final for purposes of appeal, the judge 
shall transfer jurisdiction of the case to a district court, other than a 
family district court, having jurisdiction in the county in which the person 
is residing, except that the judge retains jurisdiction of the case with 
respect to a civil commitment proceeding conducted under Subchapters F and G.
 
Tex. Health & Safety Code Ann. § 
841.082(d) (emphasis added).  Tarrant County is in the Second Court of 
Appeals District; Montgomery County is in the Ninth Court of Appeals District. Tex. Gov’t Code Ann. § 22.201(c), (j) 
(Vernon 2004).
        On 
July 26, 2004, appellant filed in the 410th District Court of Montgomery County 
a combined motion to transfer jurisdiction for appeal to Tarrant County and a 
request to transfer to Tarrant County the clerk’s and reporter’s records 
from the trial on the merits.  On August 6, 2004, the judge of the 410th 
District Court in Montgomery County denied appellant’s motion.
        Appellee 
has filed a motion to dismiss this appeal asserting this court never acquired 
jurisdiction because the judge of the 410th District Court of Montgomery County 
denied appellant’s motion to transfer jurisdiction; therefore, appellant’s 
notice of appeal that was filed in Tarrant County is ineffective to confer 
jurisdiction on this court.  Appellant has responded that because the trial 
court’s judgment requires appellant to reside in Tarrant County, and because 
transfer of this case to Tarrant County is mandated by statute, we should order 
a transfer of the records and jurisdiction to Tarrant County and retain the 
appeal on this court’s docket.
        An 
appeal is perfected when a written notice of appeal is filed with the trial 
court clerk.  Tex. R. App. P. 
25.1.  The trial of this case was in Montgomery County but appellant’s 
notice of appeal was filed with the District Clerk of Tarrant County.  We 
agree with appellee that because jurisdiction of the case was never transferred 
to any Tarrant County district court, appellant could not confer jurisdiction on 
this court of appeals by filing his notice of appeal in Tarrant County.
        Appellant 
has also filed in this court an “Application For Interlocutory Appeal,” 
contending this is an appeal from a venue ruling of the Montgomery County 
District Court.  See Tex. Civ. 
Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2004-05) 
(providing that a party may appeal from an interlocutory order of a district 
court that grants or denies a plea to the jurisdiction by a governmental 
unit).  We shall treat appellant’s “application” as a motion and deny 
it because we do not have jurisdiction over an appeal from a Montgomery County 
trial court where the case was not transferred to a court located within a 
county over which the Second Court of Appeals has jurisdiction.  
Accordingly, we grant appellee’s motion to dismiss and dismiss this appeal for 
want of jurisdiction.  Tex. R. App. 
P. 42.3(a), 43.2(f).

 
  
                                                                  PER 
CURIAM
    

 
PANEL 
D:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
DELIVERED: 
October 14, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.